**SO ORDERED.**

**SIGNED this 10 day of April, 2013.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| GEORGE ROBERT HANSON and<br>MARY DARLENE HANSON | CASE NO. 08-00704-8-JRL |
| | CHAPTER 11 |
| DEBTORS. | |

## ORDER

This matter comes before the court on the bankruptcy administrator's motion to strike portions of the debtors' designation of items to be included in the record on appeal.

George Robert Hanson and Mary Darlene Hanson ("debtors") filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 1, 2008. On February 27, 2013, the court entered an order dismissing the debtors' case pursuant to 11 U.S.C. § 1112. On March 8, 2013, the debtors filed a notice of appeal regarding the dismissal of their case. On March 22, 2013, the debtors filed their designation of items and statement of issues on appeal. The bankruptcy administrator filed its motion to strike portions of the debtors' designation of items to be included in the record on appeal on March 27, 2013.

The record on appeal should contain only those items considered by the bankruptcy court

in reaching its decision, and items not considered by the bankruptcy court should be stricken from the record. In re Barrick Group, Inc., 100 B.R. 152, 154 (Bankr. D. Conn. 1989). The issue here is whether a dispute as to the contents of the record on appeal should be resolved by the bankruptcy court.

A majority of courts conclude that bankruptcy courts have the power to resolve disputes over the contents of the record on appeal. See Amedisys, Inc. v. JP Morgan Chase Manhattan Bank as Tr., NPF VI, Inc.(In re Nat'l Century Fin. Enters., Inc), 334 B.R. 907, 912 (Bankr. S.D. Ohio 2005). The reasoning behind the majority rule is that "[l]eaving this authority with the bankruptcy court will assist the appeal process as the bankruptcy court is in the best position to possibly strip off items improperly designated in a record on appeal." Id. In other words, the bankruptcy court is in the best position to determine those items that came before the court and those that did not.

The minority position holds that a bankruptcy court lacks the power under Rule 8006 to strike designated items from the record on appeal. See In re Dow Corning Corp., 263 B.R. 544, 546 (Bankr. E.D. Mich. 2001). Under this rule, the only kind of modification allowed by the bankruptcy court is an addition to the record. Id. The reasoning behind such a rule is based on a strict interpretation of Rule 8006, which provides only that the appellee "may file and serve on the appellant a designation of additional items."

Consistent with the majority approach, this court finds that disputes as to the record on appeal are properly resolved at the bankruptcy court level. At least one other bankruptcy court in the Fourth Circuit has followed this majority approach. Md. Cas. Co. v. Lloyd E. Mitchell, Inc. (In re Lloyd E. Mitchell, Inc.), A.P. No. 07-0230, 2007 Bankr. LEXIS 2310, at *11 (Bankr. D. Md. July 6, 2007). Given that the bankruptcy court is in the best position to determine which items in the

record were a part of the court's original considerations, the majority position is more appropriate in this court's judgment.

The court finds that each of those items indicated in the bankruptcy administrator's motion to strike were not considered by this court in its original considerations. As requested by the bankruptcy administrator and as described in the debtors' designation, the following items are properly stricken from the record on appeal: 9, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, and 29. Accordingly, the bankruptcy administrator's motion to strike is **ALLOWED**.

**"END OF DOCUMENT"**